IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY NEILSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-358 |
| ) | |
| v. ) | Judge Edmond E. Chang |
| ) | |
| BOARD OF EDUCATION OF ) | Magistrate Judge Maria Valdez |
| HUNTLEY COMMUNITY SCHOOL ) | |
| DISTRICT 158 and ) | |
| ROSHAUNDA HENSON, ) | |
| ) | |
| Defendants. ) | |

JOINT INITIAL STATUS REPORT

NOW COME Plaintiff and Defendants, through their respective attorneys and submit this joint initial status report.

1. *The Nature of the Case*
    a. *Identify the attorneys of record for each party, including the lead trial attorney.*

-for Plaintiff, Julie Herrera and Steven Molitor. Herrera is lead.
-for Defendants, Robert Swain

   b. *State the basis for federal jurisdiction.*

Federal question (First Amendment) and supplemental jurisdiction (Illinois Whistleblower Act)

   c. *Describe the nature of the claims asserted in the complaint and any counterclaims.*

Kim Neilson was a social worker for Defendant, School District 158. Count 1 and 2 are claims brought under the First Amendment. In these counts, Neilson claims she was retaliated against because of speech she had engaged in as a private citizen on matters of public concern, in violation of the First Amendment. Count 1 is against Principal Henson individually; and Count 2 is a *Monell* claim against the School District. In Count 3, Neilson claims she was retaliated against because she had reported illegal activity (child endangerment), in violation of the Illinois Whistleblower Act.

   d. *State the major legal and factual issues in the case.*

-whether the Defendants retaliated against Neilson for speech protected by the First Amendment
-whether the Defendants retaliated against Neilson for whistleblowing
-why the School District terminated Neilson's employment
-what damages, if any, that Neilson suffered as the result of any of the Defendants' actions

1

   e. *Describe the relief sought by the plaintiff (and counter-claimant).*

Plaintiff seeks back pay, front pay, compensation for lost benefits, prejudgment interest, emotional distress damages, punitive damages (against Principal Henson), attorney's fees, and costs.

2. *Pending Motions and Case Plan*

    a. Both defendants have been served.
    b. There are no pending motions.
    c. *Proposal for discovery plan:*
        i. The parties will issue written discovery, conduct oral depositions, and issue subpoenas.
        ii. *Date for Rule 26(a)(1) disclosures*: March 23, 2023
        iii. *Date to issue the first-set of written discovery requests*: April 13, 2023
        iv. *Fact discovery completion date*: September 22, 2023
        v. *If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony);*
            a. Plaintiff will disclose a non-retained/treating expert (and a summary) by August 11, 2023.
            b. Defendants will complete this expert's deposition by September 22, 2023
            c. Defendants will disclose any retained expert (and expert report) by October 23, 2023.
            d. Plaintiff will complete this expert's deposition by November 23, 2023.
        vi. *Date for the filing of dispositive motions*: October 23, 2023
    d. *State whether a jury trial is requested and the probable length of trial*:

Yes, one week.

   e. *State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E)*:

Yes.

3. *Consent to Proceed Before a Magistrate Judge*

The parties do NOT consent to proceed before a Magistrate Judge for all purposes, including entry of final judgment.

4. *Status of Settlement Discussions*

The parties have discussed settlement. However, no demand or offer has been made. The parties believe they need to conduct discovery before making any demands or offers. Accordingly, the parties do NOT request a settlement conference at this time.

Submitted by:

| Plaintiff: | Defendants: |
|---|---|
| /s/ Julie Herrera<br>Law Office of Julie O. Herrera<br>159 N. Sangamon St., Ste. 200<br>Chicago, IL 60607<br>312-479-3014 (Phone)<br>708-843-5802 (Fax)<br>www.julieherreralaw.com<br>jherrera@julieherreralaw.com | /s/ Robert E. Swain<br>Kriha Boucek LLC<br>2 TransAm Plaza Drive, Suite 450<br>Oakbrook Terrace, IL 60181<br>630-394-3790<br>rob@krihaboucek.com |

Date: 3/8/23